# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LEON ALEX LEE, JR.,**

**Plaintiff,**

-vs-                                    **Case No.  6:07-cv-545-Orl-31KRS**

**ORANGE COUNTY SHERIFF'S DEPARTMENT and STATE OF FLORIDA,**

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)** |
| **FILED:** | **March 28, 2007** |

      On March 28, 2007, Plaintiff Leon Alex Lee, Jr., filed "a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," against the Orange County Sheriff's Department and the State of Florida "employed as the Ninth Judicial Circuit Court in and for Orange County, Florida." Doc. No. 1.  Lee also filed an application to proceed without prepayment of fees under 28 U.S.C. § 1915 and an accompanying affidavit of indigency which indicates that Lee was released from jail the same day he filed the complaint.  Doc. No. 2.  Pursuant to § 1915(e), the Court must consider whether the

complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

## I.      ALLEGATIONS OF THE COMPLAINT.

In February 2003, Orange County Sheriff's Deputy Barron van Houten "drove his police car 'head-on' and crashed into [Lee's] truck," even driving on the wrong side of the road to do so.  Doc. No. 1 at 4.[1]  Thereafter, Deputy van Houten and other officers administered multiple applications of a taser.  *Id*.  Lee's resulting injuries required hospitalization.  *Id*.  Lee did not receive a traffic or criminal citation at that time.  *Id*. at 4-5.  Deputy van Houten was terminated shortly after the accident. *Id*. at 6.[2]

After being released from the hospital, Lee visited the Internal Affairs Division of the Sheriff's Department to inquire about the incident.  *Id*. at 5.  After visiting Internal Affairs, the State Attorney's office filed "a number of illegal charges" against Lee, including assault with a deadly weapon against Deputy van Houten, and resisting/obstructing a law enforcement officer.  *Id*. at 5-6.  These charges were "fabricated."  *Id*. at 6.  Also, the prosecutors in the state criminal proceedings "knowingly altered, presented, and used false wording" of a report about the accident prepared by an officer with the Florida Highway Patrol.  *Id*. at 7-8 (citing report by Officer Stuart Campbell, attached as exhibit A, doc. no. 1 at 19-20).

_____

[1]  Lee's complaint does not include numbered paragraphs.

[2]  Lee alleges that Deputy van Houten "was fired."  Doc. No. 1 at 6.  Some of the exhibits attached to the complaint indicate that Deputy van Houten became disabled as a result of the accident, and is not working as a result of that disability.  Doc. No. 1 at 29-30.

Lee ultimately pleaded no contest pursuant to a plea agreement, but there were a number of improprieties in the processing of his plea and sentencing. *Id*. at 8-10; *see also id*. at 28-29 (partial transcript of acceptance of plea proceedings). These improprieties were done "to cover-up the wrongdoing of Sheriff Deputy van Houten." *Id*. at 10. After he was sentenced, Lee's defense counsel did not file an appeal. *Id*. at 12. Lee filed a *pro se* motion for post-conviction relief, which was reviewed by the Fifth District Court of Appeal. *Id*. at 12-14.[3]

Despite his actual innocence, *id*. at 14, "[t]hese fabricated and false charges . . . lead to [Lee] being falsely imprisoned for [3] years [1] months and [13] days, with "3" years of probation now active." *Id*. at 8, 15. "These events as they occurred against [Lee] [were] in violation of the United States Constitution, the Florida State Constitution, and Florida Statute 918.13 . . . ." *Id.* at 6.[4] In particular, Lee asserts violations of the Fourth, Fifth, Sixth, Fourteenth, Seventeenth, and Eighteenth Amendments to the United States Constitution. *Id.* at 15. The introduction to Lee's complaint specifies that he seeks relief under 42 U.S.C. § 1983. *Id.* at 1.

Lee seeks the following: "damages for the [time] he . . . was falsely imprisoned by the defendant(s)"; an order requiring that his criminal record be expunged and sealed from nationwide databases; an order requiring that his driving record be cleared; an order requiring the defendants to "[r]eimburse my insurance company for funds they paid for my hospital stay and treatment"; the

---

[3] Lee includes a cover page for "Exhibit - 'D' Ruling Decision from the 5th District Court of Appeal," doc. no. 1 at 32, but does not attach a decision of that court.

[4] Chapter 918.13, Florida Statutes, prohibits tampering with or fabricating physical evidence.

removal of all liens related to the accident; removal of any court ordered monetary sanctions that are currently outstanding; and an order vacating the three year term of probation. *Id*. at 16.

## II.   ANALYSIS.

Lee asserts that he was prosecuted by the state for violations of state law, pleaded no contest pursuant to a plea agreement, and was subsequently sentenced to a term of imprisonment to be followed by a term of probation. He alleges that he has appealed his sentence (since served) and that the appeal is pending in the state appellate court. He now seeks an award of damages for false imprisonment, and asks this Court to expunge his record and vacate the order of probation.

Even assuming Lee were to make the exceptional showing that it would be appropriate for this Court to intervene in a pending appeal in state court, the Supreme Court has held that collateral actions to address the alleged impropriety of criminal prosecutions are barred in the absence of reversal of the underlying conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)(a damages action pursuant to § 1983 "which would demonstrate the invalidity of a conviction or sentence does not accrue until conviction or sentence has been invalidated"). As the conviction and sentence have not been invalidated or reversed, this suit is, at best, premature and must be dismissed. *Id*.[5]

---

[5] As this issue is dispositive, the Court need not reach the numerous other deficiencies in the pleading.

## III.    RECOMMENDATION.

For the reasons discussed herein, I respectfully recommend that the motion be **DENIED** and the complaint be **DISMISSED.**   I further recommend that the Court give Lee eleven days from the date of its order on this Report and Recommendation to file an amended complaint, if appropriate, pursuant to 28 U.S.C. § 2254.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 9, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy